UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 18-074-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 22-312-DCR |
| ) | |
| ERIK ORDAZ-ESCALANTE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Erik Ordaz-Escalante was sentenced to seventy-one months' imprisonment after pleading guilty to conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). [Record No. 163] He has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. [Record No. 252]

Consistent with local practice, the matter was referred to a United States Magistrate Judge for preparation of a Report and Recommendation ("R&R"). At the conclusion of briefing, Magistrate Judge Matthew A. Stinnett issued an R&R, recommending denial of Ordaz-Escalante's motion. The 14-day objection period under 28 U.S.C. § 636(b)(1)(C) has expired and no objections have been filed.

While the Court is not required to review the magistrate judge's conclusions in the absence of objections, the undersigned has done so here and agrees with the magistrate judge's analysis and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 153 (1985).

I.      **Statutory One-Year Period of Limitation**

The "one-year period of limitation" for a defendant to file a § 2255 motion begins to run from the latest of four triggering events. 28 U.S.C § 2255(f). The two relevant events in this case are "the date on which the judgment of conviction becomes final," and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(1), (4). If a defendant does not file an appeal, his judgment becomes final after his time to file a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Here, Ordaz-Escalante admits that his motion is untimely. [Record No. 252] The judgment was entered November 25, 2019, and became final on December 9, 2019, when Ordaz-Escalante did not file an appeal. He filed a § 2255 motion on November 22, 2022, missing the deadline under § 2255(f)(1) by almost two years.

Magistrate Judge Stinnett analyzed whether the defendant's motion is timely under § 2255(f)(4), "[g]iven the Court's obligation to liberally construe *pro se* filings." [Record No. 258, p. 3 n.3] Ordaz-Escalante contends that "he acted diligently to pursue his rights in a timely fashion once he became aware of them," but did not realize until February 2022 that his attorney failed to file an appeal. [Record No. 257]

Pursuant to § 2255(f)(4), the proper inquiry is to ask when "a duly diligent person in [his] circumstances would have discovered that no appeal had been filed." *Wims v. United States*, 225 F.3d 186, 190 (2d. Cir. 2000); *see also Moore v. United States*, 438 F. App'x 445 (6th Cir. 2011). Here, Ordaz-Escalante's judgment was entered approximately three and a half months before the beginning of the COVID-19 pandemic, and his briefs lack sufficient detail supporting his attempts to diligently inquire into the status of his appeal, despite his attorney's

alleged abandonment. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 815–19 (8th Cir. 2008); *United States v. Rodriguez*, 858 F.3d 960, 963-64 (5th Cir. 2017) ("[The defendant's] assumption that [his attorney] filed a notice of appeal, even after he failed to later conduct the contemplated visit with [the defendant] about the matter, was not diligence.").[1]

## II.     Equitable Tolling

"[28 U.S.C § 2255 (f)(1)-(4)] define the beginning of the statute of limitations period, whereas equitable tolling merely stops the statute of limitations after it begins to run." *Humphreys v. United States*, 238 F. App'x 134 (6th Cir. 2007) (citing *Colwell v. Tanner*, 79 F. App'x 89, 91 (6th Cir. 2003)). Equitable tolling—just as § 2255(f)(4)—requires reasonable due diligence. *United States v. Rodriguez*, 858 F.3d 960, 963 n.4 (5th Cir. 2017) ("[W]e find no reason to differentiate diligence under equitable tolling from diligence under § 2255(f)(4)."); *see also Badillo v. United States*, No. 2:11cv354, 2013 U.S. Dist. LEXIS 73828, at *11-12 (M.D. Ala. Apr. 30, 2013) ("Suffice it to say, however, that the same failure to demonstrate the due diligence required by § 2255(f)(4) prevents [the defendant] from availing himself of the benefits of equitable tolling.").

Equitable tolling further requires the defendant to show an "extraordinary circumstance" prevented his filing. *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) ("A petitioner is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

---

[1]     In *Rodriguez*, the United States Court of Appeals for the Fifth Circuit further clarified that "[d]iligence under §2255(f)(4) requires more" than waiting "almost a year and three months after the fourteen-day period for filing a notice of appeal had expired, to send a letter to the district court requesting certain documents."

and prevented timely filing.'" (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))). The second element of the equitable tolling test is satisfied "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe v. United States,* 136 S. Ct. 750, 756 (2016). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003). "[F]ederal courts sparingly bestow equitable tolling," *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000), but "consider each claim . . . on a case-by-case basis," *Jefferson*, 730 F.3d at 549 (quoting *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012)).

Ordaz-Escalante argues, *inter alia*, the following facts justify his failure to file his §2255 petition before November 2022: (1) the "realities of the prison system"; (2) the "effects of the COVID-19 pandemic"; and (3) a one-day trip from Big Springs, Texas to a federal corrections facility in Elkton, Ohio. [Record No. 257] Courts in this circuit consider "'the realities of the prison system' as part of the due diligence analysis." *United States v. Weaver*, No. 1:13-CR-059, 2019 U.S. Dist. LEXIS 167925, at *10 n.2 (S.D. Ohio Sept. 30, 2019) (citing *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)). But the defendant must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002).

The same is true when a defendant alleges that COVID-19 or a time in transit created an impediment. *See United States v. West*, 578 F. Supp. 3d 962, 966 (N.D. Ohio 2022) ("These 'certain circumstances' involve defendants who had been pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19."); *United States v. Henry*, No. 2:17-cr-180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) ("The bottom line

is that the COVID-19 pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion.").

Here, Ordaz-Escalante proffers conclusory facts lacking in specificity. His most-specific reasoning is that COVID-19 lockdowns prevented his access to resources and "law library access and limited communications and access to property." [Record No. 257] But limited access to the prison's law library and legal resources alone are not sufficient to support a defendant's contention that he was diligent in pursuing his rights. *See Hall v. Warden Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) ("[The defendant's] pro se status and limited law-library access do not change our analysis."); *Laws v. Christiansen*, No. 2:21-CV-11183, 2022 WL 4587838, at *3-4 (E.D. Mich. Sept. 29, 2022) (collecting cases). Additionally, "institutional transfers, periods of confinement under more restrictive conditions than the general population, and lack of ready access to legal paperwork and law libraries are not 'extraordinary circumstances'; they are the usual incidents of prison life." [2] *United States v. Magiera*, No. 12-32, 2014 U.S. Dist. LEXIS 150001, *3 (E.D. Ky. Oct. 21, 2014) (quoting *Neal v. McNeil*, No. 09cv23, 2010 WL 298294, at *8 (N.D. Fla. Jan 15, 2010)). "[The

---

[2] "The Court notes that other prisoners have been able to timely file habeas petitions, civil rights complaints, and other cases while confined under similar restrictions and lockdowns during the pandemic." *Laws*, 2022 WL 4587838, at *4 n.2 (citing *Schoening v. Christianson*, No. 2:21-cv-11955, 2021 WL 4290242, at *3 (E.D. Mich. Sept. 21, 2021).

defendant] could have timely submitted a bare bones [motion] listing his claims and later supplemented his pleadings as necessary." *Laws*, 2022 WL 4587838, at *4.[3]

In summary, Ordaz-Escalante has failed to show he exercised reasonable due diligence as required to satisfy either equitable tolling or § 2255(f)(4). Moreover, his allegations fall short of his burden to show "extraordinary circumstances" as required for a court to equitably toll the limitation period.

### III. Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336; 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the denial is based on a procedural ruling, the defendant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Under this standard, a Certificate of Appealability will not be issued. Ordaz-Escalante has not alleged sufficient circumstances to satisfy § 2255(f) or equitable tolling. Jurists of reason would not find this Court's procedural determination fairly debatable.

Accordingly, it is hereby **ORDERED** as follows:

---

[3] To the extent the defendant argues his lack of knowledge regarding his legal rights justifies equitable tolling, "[i]gnorance of the law, even by an incarcerated pro se petitioner, is not grounds to toll the statute." *Moore*, 438 F. App'x at 449 (citing *Johnson v. United States*, 544 U.S. 295, 311 (2005)).

1. The Report and Recommendation of the United States Magistrate Judge [Record No. 258] is **ADOPTED** and **INCORPORATED** here by reference.

2. The defendant/movant's motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 [Record No. 252] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3. A Certificate of Appealability will not issue.

Dated: March 17, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky